UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No.: 15-00179 (RC) |
| | : | |
| CHRISTOPHER CYMERMAN | : | Re Document No.:   36 |
| | : | |
|     Defendant. | : | |

## MEMORANDUM OPINION

### DENYING MOTON TO TERMINATE SUPERVISED RELEASE

### I. INTRODUCTION

Before the Court is Defendant Christopher Cymerman's Motion for Early Termination of Supervised Release ("Def.'s Mot."), ECF No. 36.  Upon consideration of Cymerman's motion—as well as the District of Columbia Probation Office's recommendation—the Court denies Cymerman's request without prejudice.

### II. FACTUAL BACKGROUND

Christopher Cymerman pleaded guilty to one count of Travel with Intent to Engage in Illicit Sexual Conduct, in violation of 18 U.S.C. § 2423(b), and one count of Possession of Child Pornography, in violation of 18 U.S.C. § 2252(a)(5)(B).  Plea Agreement, ECF No. 10.  At sentencing, the Court imposed a sentence of 30 months of incarceration on each count to run concurrently followed by 120 months of supervised release, including one year of home confinement with location monitoring.  *See* Judgment, ECF No. 22.

Cymerman served his 30-month prison sentence.  Def.'s Mot. at 2.  He then began his 120-month term of supervised release, including 12 months of location monitoring.  *Id.*

Approximately five years into his 10-year supervised release term, Cymerman moved for early termination of supervised release. *Id.* Cymerman's Motion first observes that his case was unusual because of his young age (Cymerman was 20 years-old at the time of his arrest) and his methamphetamine addiction, which Cymerman states was a primary motivator underlying his conduct. *Id.* Cymerman's motion then details his progress since his felony conviction and period of incarceration. *Id.* at 3. Cymerman has built an addiction recovery network, is employed, obtained an associates' degree in 2020, and a bachelor of arts degree from the University of Baltimore in 2023. *Id.*; Def.'s Supp. to Mot. for Early Termination, ECF No. 38. Cymerman currently works part time in a warehouse and is a certified paralegal. Def.'s Mot. at 3. Cymerman has also undergone substance abuse treatment, completed sex offender treatment, and tested negative for illicit substances on all urinalyses. Probation Off. Mem. in Resp. to Def.'s Mot., ECF No. 37 ("Prob. Off. Mem."). In addition, Cymerman has completed a year of location monitoring and complied with the internet search conditions of his supervised release. *Id.*

In its memorandum, the Probation Office recommends—considering the 18 U.S.C. § 3553(a) factors—that Cymerman remain subject to supervised release, despite his compliance to date. *Id.* The Probation Office made its recommendation "with specific attention to the nature and circumstances of the offense," and stated that it believes Cymerman's "compliance and progress are attributed to the monitoring, restrictions, interventions, and services supervision provides." *Id.* The Government has not filed an opposition to early termination of Cymerman's supervised release, but Cymerman's counsel states that an AUSA in the USAO sex offense section communicated the Government's opposition to Cymerman's motion without providing specific reasons. Def.'s Mot. at 5.

### III.  LEGAL STANDARD

The Court may "terminate a term of supervised release and discharge [a] defendant released at any time after the expiration of one year of supervised release" "after considering the factors set forth in section" 3553(a) if the Court believes that terminating the Defendant's supervised release "is warranted by the conduct of the defendant released and the interest of justice."  18 U.S.C. § 3583(e)(1).  The § 3553(a) factors include:

> (1) the nature and circumstances of the offense and defendant's history and characteristics; (2) deterrence of criminal conduct; (3) protection of the public from further crimes of the defendant; (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment; (5) the applicable sentencing guideline range for the offense and pertinent policy statements issued by the U.S. Sentencing Commission; (6) the need to avoid unwarranted sentencing disparities; and (7) the need to provide restitution to any victims of the offense.

*United States v. Kaplan*, No. 14-226, 2021 WL 4521041, at *2 (D.D.C. Oct. 4, 2021) (citing 18 U.S.C. § 3553(a)); *see United States v. Mathis–Gardner*, 783 F.3d 1286, 1288 (D.C. Cir. 2015) ("a district court *must* consider the specified § 3553(a) factors before denying a motion for early termination of supervised release").

### IV.  ANALYSIS

In deciding Cymerman's motion, the Court examines each of the § 3553(a) factors, as well as whether early termination of supervised release is "warranted by the conduct of the defendant [] and the interests of justice."  § 3583(e)(1).  For the reasons described below, the Court concludes that early termination is not warranted.

1. Nature and Circumstances of the Offense

The Court begins by addressing the nature and circumstances of Cymerman's offenses.  Cymerman's offense was serious.  Cymerman first came to the attention of law enforcement when he sent a message to an undercover member of the MPD-FBI Child Exploitation Task

3

Force via a website known by the undercover officer to be "frequented by individuals who have a sexual interest in children and incest." Statement of Offense, ECF No. 11, at 1. During conversations with the undercover officer—who was posing as another user of the website—Cymerman shared multiple pornographic images of male children who appeared to be approximately 7-10 years old. *Id.* at 3. Eventually Cymerman arranged to meet with the undercover officer to engage in sexual conduct with a 12-year-old boy the officer purported to know. *Id.* The defendant also discussed bringing methamphetamine to give the boy during the encounter. *Id.* Upon arriving at the pre-arranged location where the sexual conduct was to take place, the undercover officer arrested Cymerman. *Id.* at 5.

Moreover, during Cymerman's arrest, the officer found Cymerman in possession of methamphetamine and a laptop computer. *Id.* at 5. A forensic review of the laptop found 12 images and 28 videos depicting child pornography with children all under the age of twelve, including a toddler. *Id.*

This factor weighs heavily against early termination given (a) the seriousness of the pornographic content Defendant possessed and shared and (b) the steps Defendant took to participate in sexual activity with a 12-year-old boy. Indeed, the "nature and circumstances of the offense and history and characteristics of the defendant" were particularly significant in the Probation Office's recommendation against early termination of supervised release. Prob. Off. Mem.

2. Deterrence

The deterrence factor also weighs in favor of denial. While supervised release "fulfills rehabilitative ends," *United States v. Johnson*, 529 U.S. 53, 59 (2000), it also serves purposes of general and specific deterrence, *see United States v. Moore*, No. 01-238, 2020 WL 435296

(D.D.C. Jan. 28, 2020). At sentencing, the Court considered the § 3553(a) factors and found the sentence to provide adequate deterrence for the conduct at issue. Although Cymerman has demonstrated compliance and improvement since his original sentence, deterrence may continue to play a role in preventing recidivism.

### 3. Protection of The Public

Relatedly, the Court determines that continued supervised release is necessary to protect the public. To date, Cymerman has complied with all requirements of his supervised release. Such compliance, however, is "expected of a person on supervised release," and courts have denied motions for early termination despite "law abiding personal success." *United States v. Longerbeam*, 199 F. Supp. 3d 1, 2–3 (D.D.C. 2016). When initially setting the terms of Cymerman's supervised release, the Court determined that 120-months would provide sufficient protection for the public and the Court maintains that view.

### 4. Correctional Treatment

A court may choose to grant early termination of supervised release when "further rehabilitation is not necessary" or continuing supervised release "would have no real value as far as law enforcement or any other community interest is concerned." *United States v. Etheridge*, 999 F. Supp. 2d 192, 198–99 (D.D.C. 2013) (citation omitted). Here, Cymerman has completed all sex offender and substance abuse treatment and has complied with drug testing and internet monitoring requirements. Prob. Off. Mem. Nevertheless, the Court agrees with the Probation Office that Defendant's improvements are attributable to the requirements of supervised release. Prob. Off. Mem.

        5.  Sentencing Guidelines & Avoiding Unwarranted Sentencing Disparities.

     The Court must also consider whether supervised release is consistent with the sentencing guidelines and avoids sentencing disparities.  The Court sentenced Cymerman to a prison sentence below the Sentencing Guidelines range, and for a duration similar to that imposed on similarly situated defendants.  Statement of Reasons at 1, ECF No. 23 (stating Sentencing Guidelines range of 108-121 months).  In fact, as it does in cases of this type, the Court imposed a sentence below the low end of the Guidelines range, but substituted some period of incarceration with a lengthy period of intense supervision.

     The Sentencing Guidelines policy statements reflect that a court may grant early termination, for example, to a defendant who completes narcotic addiction treatment, but they recommend that the statutory maximum supervised release term be imposed for sex offenses. U.S.S.G. § 5D1.2 (policy statement) ("the length of a term of supervised released…may be up to life, if the offense is…a sex offense").  Defendant's 120-month supervised release term is well under this maximum.  Accordingly, this factor weighs against early termination of supervised release.[1]

*  *  *

     After considering the § 3553(a) factors, the Court must also determine whether early termination is "warranted by the conduct of the defendant released and the interest of justice." Cymerman's conduct has been compliant and his progress has been noteworthy.  Cymerman's effort in pursuing higher education while maintaining multiple jobs is particularly commendable, as is his recovery from narcotics usage and the improvements he has made with his family

---

[1] The last factor—restitution—has no bearing here because no restitution is currently at issue and Cymerman has paid his special assessment in full.  Prob. Off. Mem.

relationships. Def.'s Mot. at 3. Nevertheless, Cymerman's positive behavior is insufficient to warrant early termination in this case.

The Court recognizes that courts have granted supervised release where the defendant's rehabilitation is "remarkable" or in "rare case[s] of exceptionally good behavior." *Etheridge*, 999 F. Supp. 2d at 194 (citations and internal quotation marks omitted). While a defendant need not show "extraordinary or unusual conduct" to warrant termination of supervised release, *see United States v. Harris*, 258 F. Supp. 3d 137, 150 (D.D.C. 2017), "mere compliance with the conditions of release" is not necessarily sufficient to merit early termination because model conduct and compliance is expected "of a person under the magnifying glass of supervised release," *United States v. Mathis–Gardner*, 110 F. Supp. 3d 91, 93–94 (D.D.C. 2015) (citation omitted). Indeed, if perfect compliance "alone were sufficient 'the exception would swallow the rule.'" *Etheridge*, 999 F. Supp. 2d at 196 (citation omitted).

After considering the Defendant, the Government, and the Probation Office's positions and evaluating the above factors with particular focus on the nature and circumstances of Defendant's offense and the fact that the Court envisioned at the time of sentencing a lengthy period of intense supervision, the Court holds that early termination of supervised release is not in the interests of justice at this time. The purpose of supervised release is rehabilitation, a path Defendant appears to be on, but the Court agrees with the Probation Office that Cymerman's supervised release conditions contribute to his current success. Prob. Off. Mem. Furthermore, supervised release serves a deterrent purpose in addition to rehabilitating the Defendant and the Defendant's supervised release remains important for deterrence purposes in this case. The Court encourages Cymerman to continue his upward trajectory and he may file a new motion for

early termination of supervised release at a later date provided his conduct continues on its current trajectory.

## V.  CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's Motion for Early Termination of Supervised Release (ECF No. 36) without prejudice.  An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  November 17, 2023                                       RUDOLPH CONTRERAS
                                                                United States District Judge